**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 03-4845**

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

          versus

ALAN LAVERTE WAY,

                                    Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Deborah K. Chasanow, District Judge. (CR-02-210-DKC)

Submitted:  June 30, 2004            Decided:  July 14, 2004

Before GREGORY and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Christopher M. Davis, Mary E. Davis, DAVIS AND DAVIS, Washington, D.C., for Appellant.  Thomas M. DiBiagio, United States Attorney, James M. Trusty, Donna C. Sanger, Assistant United States Attorneys, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Alan Laverte Way appeals his jury convictions and 360-month sentence for conspiring to murder (18 U.S.C. § 1117 (2000)); attempt to kill an officer of the United States government (18 U.S.C. § 1114 (2000)) and solicitation to commit a crime of violence (18 U.S.C. § 373 (2000)). Way first contends that the district court erred in denying his request for a jury instruction on entrapment. We review a district court's refusal to give an entrapment instruction de novo. United States v. Phan, 121 F.3d 149, 154 (4th Cir. 1997). Way argues that the Government excessively pressured him into the criminal endeavor because a Government agent offered him money and a Government informant provided him with the intended victim's "home" address.

To be entitled to a requested jury instruction, the defendant must establish a sufficient evidentiary foundation to support the instruction. United States v. Lewis, 53 F.3d 29, 33 n.8 (4th Cir. 1995). "Entrapment is an affirmative defense, and the defendant has the initial burden to 'produce more than a scintilla of evidence that the government induced him to commit the charged offense' before the burden shifts to the government to prove beyond a reasonable doubt that the defendant was predisposed to commit the crime." United States v. Sligh, 142 F.3d 761, 762-63 (4th Cir. 1988) (internal citations omitted). "'Inducement' . . . involves elements of governmental overreaching and conduct

sufficiently excessive to implant a criminal design in the mind of an otherwise innocent party. Solicitation, by contrast, is the provision of an opportunity to commit a criminal act." <u>United States v. Daniel</u>, 3 F.3d 775, 778 (4th Cir. 1993).

We have reviewed the record and conclude that the district court did not err in denying the request to instruct the jury on entrapment because Way failed to show Government inducement or his lack of predisposition to the crime based on his actions of initiating the cellblock conversation that led to the conspiracy and repeatedly contacting an undercover officer about implementing the object of the conspiracy. <u>See</u> <u>Lewis</u>, 53 F.3d at 33 n.8.

Next, Way argues that the district court erroneously denied his motion for downward departure based on the "imperfect entrapment" theory. Where, as here, the district court was aware of its authority to depart and declined to do so, the district court's refusal to depart is not reviewable on appeal. <u>United States v. Edwards</u>, 188 F.3d 230, 238-39 (4th Cir. 1999).

Accordingly, we affirm Way's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>